UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

        - against -

CARL NOEL,

        Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
18-cr-60 (PKC)

PAMELA K. CHEN, United States District Judge:

        Pending before the Court is Defendant Carl Noel's request for early termination of his three-year probationary sentence, which he began serving in April 2019 and is due to end in April 2022. (Dkt. 193.) For the reasons stated herein, the Court grants that request. Defendant's probation is hereby terminated.

**I.**    **Legal Standard**

        Pursuant to 18 U.S.C. § 3564(c), the Court is authorized to "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony[,] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015); *see* 18 U.S.C. § 3564(c). In making this determination, the Court must consider the "factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable." 18 U.S.C. § 3564(c). It is well-established that mere compliance with the terms of probation and the law is insufficient to justify termination. *See Rusin*, 105 F. Supp. 3d at 292 ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *see also United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release. Rather, full compliance with the terms of supervised

1

release is what is expected of [the defendant] . . . and does not warrant early termination. In addition, obtaining productive employment, while laudable, does not justify the termination of supervision." (internal citations and quotations omitted)). Probation should only be terminated "when general punishment goals would be better served by a modification." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).

## II.     Early Termination of Probation is Warranted

Recognizing the demanding standard that applies to such requests, the Court nonetheless finds that Defendant's post-sentence conduct warrants early termination of his probation. Defendant has done more than simply obey the terms of probation and the law and obtain productive employment. He has far exceeded the requirements of his probation, including performing more than his mandated 300 hours of community service, and has done so in the face of extraordinary obstacles, including the COVID-19 pandemic and injuries he suffered following a car accident. In sum, Defendant has demonstrated extraordinary post-sentence rehabilitation that makes the continuation of probation "too harsh" and "inappropriately tailored to serve" the general goals of punishment. *Lussier*, 104 F.3d at 36.

Initially, while still on court-imposed home detention, Defendant trained for a job with FedCap, Inc., doing so well that he was quickly offered a supervisory position. (Dkt. 193 at 1.) Unfortunately, the onset of the COVID-19 pandemic in March 2020 curtailed that opportunity. (*Id.* ("[T]he agency lost funding and [Defendant] was never able to begin work at FedCap. However, he completed many community service hours while at FedCap.").) Despite the difficulties of finding work during the pandemic, Defendant found another job making deliveries for Amazon. (*Id.*) He simultaneously participated in a "Columbia University re-entry program designed to help felons deal with the stress of reintegrating into society[,]" earning a certificate

from that program and being the only participant chosen to receive ongoing free weekly therapy sessions. (*Id*.)

Then, in March 2021, Defendant was in a car accident that resulted in injury to his back, knee and wrist, immobilized him for about a month, and caused him to be placed on medical leave from Amazon. (*Id*. at 2.) Despite these injuries, Defendant began performing community service with Catholic Charities, helping Haitian immigrants by providing translation services in connection with their immigration applications. (*Id*.) According to Defendant's Probation Officer, Zonda Jackson,[1] even after fulfilling his 300-hour community service requirement, Defendant has continued to volunteer with Catholic Charities. Both Officer Jackson and defense counsel report that the organization, in fact, wants to hire Defendant. However, according to Officer Jackson, the organization may not be able to do so if he is still under court supervision.

Notably, Officer Jackson supports Defendant's application for early termination of his probation. She explained to the Court that unlike most defendants she supervises, Defendant has actually changed his "thinking." Officer Jackson pointedly noted that Defendant easily could have used the pandemic and his personal circumstances as excuses not to fulfill his community service obligation—as many of her supervisees have done—instead, Defendant chose to overcome these obstacles, because he is now genuinely motivated and eager to help others, especially those within his Haitian community.

The Court further notes that Defendant has served almost two-and-a-half years of his three-year probationary sentence. Therefore, terminating probation at this time does not result in a significant reduction of his original sentence.

---

[1] Defendant is being supervised by the Southern District of New York Probation Office. The Court spoke with Officer Jackson in connection with this application.

Thus, the Court finds that Defendant's conduct, as described above, demonstrates extraordinary rehabilitation, so as to warrant terminating his probation. With respect to the Section 3553(a) factors, the Court initially determined that those factors weighed in favor of a probationary sentence. Defendant's conduct while on probation further demonstrates that continued court supervision is unnecessary to achieve "general punishment goals," as well as the goals of promoting respect for the law, deterring criminal conduct by Defendant, and protecting the community from future harm by Defendant. *See* 18 U.S.C. § 3553(a). Furthermore, to the extent Defendant's probationary status is preventing him from being hired by Catholic Charities or any other employer, continuing him on probation is contrary to the interests of justice.

## CONCLUSION

Defendant Carl Noel's motion to terminate probation is granted, and his probation is hereby terminated.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 3, 2021
       Brooklyn, New York